Eldon PUMMEL, Appellant,

v.

**UNITED SUPERMARKETS OF OKLA-HOMA, INC., an Oklahoma corporation, Appellee.**

No. 55794.

Court of Appeals of Oklahoma, Division 2.

Feb. 16, 1982.

Released for Publication by Order of Court of Appeals March 19, 1982.

Duke Halley, Hieronymus, Hodgden, Halley & Meyers, Woodward, for appellant.

T. G. Braddock, Ivester & Braddock, Altus, for appellee.

BRIGHTMIRE, Judge.

The question here is whether the jury should have been instructed that the federal Fair Labor Standards Act of 1938 [1] does not require plaintiff to have demanded payment for overtime work. We hold it need not have been and affirm the appealed judgment.

I

Plaintiff, Eldon Pummel, was employed as an assistant manager at one or two grocery stores owned by defendant, United Su-permarkets of Oklahoma, Inc., from August, 1974 to August, 1979. On September 21, 1979, he filed this lawsuit seeking recovery of overtime pay based on two theories: (1) United violated overtime pay provisions of the FLSA; and (2) it breached an oral contract to pay him for the overtime he worked.

United admitted it was subject to the provisions of the FLSA, but defended on two grounds: (1) Pummel was exempt from the act's provisions because he was an executive or administrative employee; and (2) United never agreed, orally or otherwise, to pay Pummel for work he may have performed in excess of 48 hours a week.

The case was tried to a jury which was instructed on both theories. A general verdict was returned for the defendant and judgment was entered accordingly.

II

A single contention is advanced by Pummel in his brief, namely, that the court should have instructed the jury "that the FLSA does not require plaintiff to have demanded payment for overtime work" before filing suit.

The proposition is without merit. The suggested negative "instruction" would have shed no light on any issue formed by the pleadings, raised at pre-trial conference, or mentioned by anyone during the trial. Had it been given it would have been surplusage and probably confusing in the sense that it would have implied United was defending on the ground that plaintiff should not recover because he failed to make a pre-lawsuit demand for payment.

As we said earlier, not only was such a defense not raised by United, the record discloses that it was never even mentioned as a contention.

---

[1]. 29 U.S.C. § 216(b) as amended, 29 U.S.C. §§ 201 *et seq.*

## III

 The trial judge's instruction number two covered the specific controlling factual issues in clear language within a concise format[2] and this is all that was required.

Judgment affirmed.

BOYDSTON, P. J., and BACON, J., concur.

---

2. Instruction No. 2 reads:

In a civil lawsuit, such as this one, there are requirements as to which party is to prove to you certain things. This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which said party has the burden of proof is more probably true than not true. This burden is sometimes called "by a preponderance of the evidence."

The plaintiff has the burden of proving the following proposition to recover under the Fair Labor Standard Act.

FIRST: The number of hours worked and the wages due.

The Plaintiff has the burden of proving the following propositions to recover under his allegations that contract was entered into between the parties for extra hours worked over 48 hours per week.

FIRST: That a valid oral contract was entered into for extra compensation and the terms of said contract.

SECOND: That the plaintiff performed the work as alleged over 48 hours per week.

The defendant has the burden of proving each of the following propositions:

FIRST: That the plaintiff was an "executive" as defined in the Act.